UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SOUTHERN MARSH COLLECTION, LLC**

**VERSUS**

**DIXIE DECOYS, LLC**

**CIVIL ACTION**

**NO. 24-905-JWD-EWD**

### ORDER

Pending before the Court is *Plaintiff's Motion to Strike Answer and Counterclaim and Motion to Dismiss Counterclaim* ("*Pl. Motion to Dismiss*") (Doc. 21), filed by Plaintiff Southern Marsh Collection, LLC ("Plaintiff"). In response, Defendant Dixie Decoys LLC d/b/a Dixie Decoys ("Defendant") has filed *Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike Answer and Counterclaim and Motion to Dismiss Counterclaim* ("*Def. Opposition*") (Doc. 34). Plaintiff then filed *Plaintiff's Motion for Leave to File First Amended Complaint* (Doc. 35) and *Plaintiff's Reply in Support of its Motion to Strike Answer and Counterclaim and Motion to Dismiss Counterclaim* ("*Pls. Reply*") (Doc. 44). Defendant filed *Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint* (Doc. 45), and Plaintiff filed *Plaintiff's Reply in Support of its Motion for Leave to File First Amended Complaint* (Doc. 52).

In *Pl. Motion to Dismiss*, Plaintiff argues that Defendant's *Answer and Counterclaim* (Doc. 18) were filed nineteen days past the deadline and should therefore be struck, (Doc. 21 at 1); that Defendant's *Counterclaim* should be dismissed because the Court lacks subject-matter jurisdiction over the counterclaim, which Plaintiff argues fails to meet either diversity jurisdiction or supplemental jurisdiction, (Doc. 21-1 at 4); and that it should also be dismissed because Defendant fails to state a claim upon which relief should be granted and fails to plead its LUPTA claim "with

1

particularity" under Rule 9(b), (*id.*). In *Def. Opposition*, Defendant argues that it sought an extension from the Court, (Doc. 10), which the Court granted, (Doc. 15), and filed its *Answer and Counterclaim* within the deadline set by the Court. (Doc. 34 at 3.) Defendant further argues that after Plaintiff filed its *Motion to Dismiss*, it withdrew its then-pending *Motion to Remand*, conceding that subject matter jurisdiction was not in dispute. (*Id.*) As a result, Defendant argues that the claims regarding jurisdiction are now moot. (*Id.*) All that remains, then, are Plaintiff's assertions that Defendant's *Counterclaim* fails to plead "with particularity" under Rule 9(b). Defendant acknowledges that while it includes an allegation of fraud in its *Counterclaim* and does not meet the standards of Rule 9(b), it argues that "fraud is not a necessary element of LUTPA, and Dixie Decoys' LUTPA counterclaim does not depend upon a showing of fraud." (*Id.* at 4.) Defendant asks the Court to disregard the fraud allegation or, alternatively, allow Defendant to file an amended complaint to address any deficiencies. (*Id.* at 4–5.) Plaintiff continues to seek the dismissal of Defendant's *Counterclaim*, arguing that it has failed to allege a particularized injury and therefore lacks standing, and likewise fails to state a LUTPA claim. (Doc. 44 at 2.) It argues that Defendant cannot remedy these failures through amending the *Counterclaim*. (*Id.* at 2, 6.)

Plaintiff likewise seeks leave to file an amended complaint. (Doc. 35.) It argues that because federal subject-matter jurisdiction is no longer in dispute, it should be permitted to amend its pleading "to meet the federal pleading standards and assert available federal claims." (*Id.* at 3.) Defendant opposes *Plaintiff's Motion for Leave to File First Amended Complaint*, arguing that without its consent, the Court should only grant leave to amend if justice requires. (Doc. 45 at 2.) Defendant argues that Plaintiff's initial decision to omit federal trademark claims in its state filing was a tactical choice akin to forum-shopping. (*Id.* at 3–9.) As a result, Defendant urges the Court not to reward Plaintiff's strategical choices by permitting it to amend. (*Id.* at 9.) In reply, Plaintiff

2

contends that Defendant has not shown any bad faith to justify denying leave to amend and has not cited to caselaw that would support denying leave to amend. (Doc. 52 at 2.)

The Court has reviewed the motions. Without expressing any view as to the merits of the motions, the Court affords both Defendant and Plaintiff an opportunity to cure the purported pleading defects. The Court grants Defendant leave to file an amended counterclaim and Plaintiff leave to file an amended complaint, in accordance with Fed. R. Civ. P. 15(a)(2). *Jordan v. Gautreaux*, 593 F. Supp. 3d 330, 372–73 (M.D. La. 2022) (deGravelles, J.) (granting leave to amend in response to successful Rule 12(b)(6) motion when no prior amendment was given in response to ruling from the Court).

An amended complaint must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Plaintiff will be given fourteen (14) days, or until April 22, 2025, in which to amend its complaint to plead viable claims. Defendant will likewise be given fourteen (14) days, or until April 22, 2025, in which to amend its counterclaim.

Accordingly, **IT IS ORDERED** that *Plaintiff's Motion to Strike Answer and Counterclaim and Motion to Dismiss Counterclaim* (Doc. 21), filed by Southern Marsh Collection, LLC, is **DENIED WITHOUT PREJUDICE.** Plaintiff can re-urge any argument made in its motion to dismiss in response to an amended counterclaim, if appropriate.

Signed in Baton Rouge, Louisiana, on <u>April 14, 2025</u>.

                                        **JUDGE JOHN W. deGRAVELLES**
                                        **UNITED STATES DISTRICT COURT**
                                        **MIDDLE DISTRICT OF LOUISIANA**